EASTERN DIST.
January, 1839.

GUERIN ET AL.
vs.
BAGNERIES.

GUERIN ET AL. *vs.* BAGNERIES.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the plaintiffs claimed certain slaves under the will of their grand-father, devised to their deceased mother, and a settlement of her estate among the co-heirs by private act; and offered on the trial, these documents in evidence, with proof of the signatures of the heirs and their capacity, and presented a witness to establish the fact that, the slaves were inherited from their mother: *Held*, that proof of the genuineness of the act of settlement, as evidence of a sale or exchange, and of the capacity of the heirs, who are parties to it, must be first made, before evidence be admitted of possession under it.

Evidence of the signatures to the private act of settlement among the co-heirs, and their capacity, was improperly refused by the court, because until its genuineness was shown, its validity could not be examined.

Plaintiffs as heirs, claiming a slave by inheritance and an act of settlement among the co-heirs, should be permitted to show by testimony, that the slave made part of the inheritance under the will of a deceased ancestor, either because it was allotted to the daughter in a settlement of the estate, or born from a slave bequeathed to her.

The father of one of the parties called in warranty by the defendant, is an

incompetent witness to testify on behalf of the plaintiff, under the provisions of the Louisiana Code.

The defendant may even place the plaintiff in *duriori casu*, when he exercises a legal right, which is the obvious result of the plaintiff's action. Thus the plaintiffs and defendants in an execution and judgment may be cited in warranty by the purchaser under execution, when he is in danger of eviction.

The plaintiffs, Marie Coralie Guerin, Marie Clementine Guerin and Ovide Guerin, the two last named, being minors and properly represented, are the children of Louis Guerin and Marguerite Chauvin Delery, his late wife, and sue to recover as joint owners the slave woman Celestine, and her daughter Fanny, which they allege they acquired by inheritance from their late mother the said Marguerite. They pray judgment against the defendant for the delivery to them, and possession of said slaves as the true owners thereof; and in the mean time that they be sequestered.

The defendant is in possession, and claims title to those slaves, as purchaser at a marshal's sale, under a judgment and execution in the United States District Court, for the Eastern district of Louisiana, obtained by A. & J. Dennistoun & Co., against François Guerin, Louis Guerin, Edouard Guerin, and Marie Marthé Ainée Bienvenu, wife of E. Guerin, and in which the said slaves were seized and sold, as the property of the defendants in said judgment.

The defendant in this case denies that the plaintiffs have any right or title to said slaves, and prays that their demand be rejected. He further prays that all the persons who are parties to said judgment in the United States Court, both plaintiffs and defendants, be cited in warranty to defend his title, etc.

The warrantors were all brought in, and upon these pleadings and issues, the parties went to trial. *See this case in* 9 *Louisiana Reports*, 471.

The plaintiffs offered in evidence in support of their title, the will of François Chauvin Delery; the extract from the inventory of his estate; and also two documents, one the marriage contract of Marguerite Chauvin Delery, his daugh-

ter, with Louis Guerin, and the other a settlement of her estate by the heirs; and likewise offered to prove the signatures of the heirs and their capacity, with a witness to prove that the slave Celestine, was the slave mentioned in said documents, as advanced to Marguerite C. Delery, wife of Louis Guerin, and was inherited by the plaintiffs from their grand-father, François Chauvin Delery.

This testimony was objected to by the defendans counsel, on the ground that an act under private signature, having no certain date, and never having been registered in this parish, cannot be opposed to third possessors holding in good faith by public title; and that the will does not mention the name of any slave whatever, but refers to a previous donation made by the testator, which is not even alleged to exist. After argument the court rejected all the evidence thus offered, and the plaintiffs took their bill of exceptions.

The plaintiffs also offered Mr. Antoine Bienvenu as a witness, to prove the allegations in the petition, who was objected to on the part of the defendant, on the ground that he was the father of Mrs. Marie Marthé Guerin, called in warranty. It was urged that the daughter of the witness never pretended title to the slave Celestine, although a party to the suit of Dennistoun & Co., and was not bound to warrant her. The court sustained the objection, and stated as a reason, that Mrs. Guerin called in warranty, is shown to be one of the defendants in said suit, against whom judgment was rendered *in solido*. The plaintiffs excepted to the opinion of the court.

Finally, judgment was rendered in favor of the defendant; and also against the plaintiffs for the wages of the slaves during the time they were sequestered. The plaintiffs appealed.

*Preston,* for the appellants, insisted that the father of one of the warrantors was a competent witness to testify in the case, and that the defendant, who had called the daughter in warranty could not make objection. This is not such a case as comes within the prohibition of the code, disqualifying ascendants from being witnesses for or against descendants. *Louisiana Code, article* 2260.

2. The documents offered in evidence, to show the plaintiffs' title to the slaves, were improperly rejected. This evidence was fairly admissible to show the nature of the claim and title set up by the plaintiffs in their suit. The court erred in rejecting it, and the judgment must, for this cause at least be reversed. See the case of *Robillard* vs. *Robillard*, 4 *Martin*, 603, 12 *ibid*, 651, 677.

EASTERN DIST.
January. 1839.

GUERIN ET AL.
vs.
BAGNERIES.

*Canon*, contra.

*Martin, J.*, delivered the opinion of the court.

Our attention is called to a bill of exceptions, taken by the plaintiffs, and now appellants, who, having offered in evidence the will of Chauvin Delery, under which they claimed, an extract of the inventory of the estate, the marriage contract of the deceased daughter, and a settlement of the estate by the heirs, offered to prove the signatures of the heirs and their capacity, presented a witness to establish that the slave now claimed was inherited from Chauvin Delery, by his grand-daughter, one of the plaintiffs. The testimony was objected to by the defendant, on the ground, that an act under private signature, having no certain date, and not registered, cannot be opposed to third possessors, holding in good faith by public act, and that the will does not mention the name of any slave whatever, but refers to a previous donation, which is not even alleged to exist. The testimony was rejected.

There is another bill taken by the same party, to the rejection of a witness offered to support their title, on the ground that he was the father of one of the parties called by the defendant in warranty. The objection being made by the defendant, and not by the daughter of the witness.

I. The plaintiffs have cited the cases of *Robillard* vs. *Robillard*, 4 *Martin*, 603, 12 *Martin*, 651, 677, which do not appear to assist them much. The Louisiana Code, 2242, provides, that " sales or exchanges of real property and slaves, by instruments made under private signature, are valid against *bona fide* purchasers and creditors, only from the day

Where the plaintiffs claimed certain slaves under the will of their grand-father, devised to their deceased mother, and a settlement of her estate among the co-heirs by private act, and offered on the trial these documents in evidence, with proof of the signatures of the heirs and their capacity, and presented a witness to establish the fact that the slaves were inherited from their mother: *Held*, that proof of the genuineness of the instruments as evidence of a sale or exchange, and of the capacity of the heirs, who are parties to it, must be first made, before evidence be admitted of possession under it.

Evidence of the signatures to the private act of settlement among the co-heirs, and

EASTERN DIST. on which they are registered in the office of a notary, or
January, 1839. from the time of the actual delivery of the thing sold or
exchanged."

GUERIN ET AL.
vs.
BAGNERIES.

their capacity
was improperly
refused by the
court, because
until its genu-
ineness was
shown, its vali-
dity could not
be examined.

The plaintiffs claimed the slave under the will of the
grand-father of one of them, and a settlement of the estate
with their co-heirs. This settlement was a conveyance, and
perhaps, an exchange, by which she acquired the right of
her co-heirs in the slave, as an exchange for her right in the
portion of the estate which her co-heirs took. The code
speaks of the *validity* of sales and exchanges, against *bona
fide* purchasers and creditors. Proof of the *genuineness* of the
instruments which are the evidence of such sales or
exchanges, and of the capacity of the persons who made
them, must be administered, before evidence be introduced
of possession under them.

The evidence of the signature and capacity of the heirs,
was, in our opinion, improperly refused; as, until the genu-
ineness of the act was shown, its *validity* could not be
examined.

Plaintiffs as
heirs, claiming a
slave by inherit-
ance and an act
of settlement
among co-heirs,
should be per-
mitted to show
by testimony,
that the slave
made part of the
inheritance un-
der the will of a
deceased ances-
tor, either be-
cause it was al-
lotted to the
daughter in a
settlement of the
estate, or born
from a slave be-
queathed to her.

The plaintiffs ought, also, to have been permitted to show
by testimony, that the slave made part of the property she
inherited under the will of her grand-father, either because
it was allotted to her in the settlement of the estate, or was
born from a slave bequeathed to her.

The slave was purchased by the defendant, at a sale under
a *fi. fa.*; he called in warranty the defendants and plaintiffs
in the *fi. fa.*; the latter subsidiarily under the Code of Prac-
tice, article 711. 6 *Louisiana Reports*, 737.

II. It is urged, in relation to the other bill of exceptions, that
the witness ought to have been received, because the defendant
could not have objected to him, if his daughter had not been
called in warranty; and the plaintiff cannot be put in *duriori
casu*, by the act of the defendant; and that the persons cited
in warranty are improperly cited, as they were not vendors.

The Louisiana Code, 2260, provides, that ascendants
cannot be witnesses for or against descendants. If the wit-
ness's daughter was properly cited, she was a party to the
suit, and had an interest in defeating the plaintiffs' claim

against the original defendant. If the objection to an ascendant, as a witness, depended on the bias which his situation created for his descendant, it might be urged, as in the case of an interested witness, that he ought not to be sworn when he came to depose against the descendant. Husband and wife, and ascendants and descendants, are excluded from being witnesses by the same article of our code; and, we believe, for the same reason—sound policy, and the support of morality. It is true, the objection was taken by the defendant, and not by the descendant, who may be supposed to have waived her objection, by not urging it. Notwithstanding this, we believe, that if the party was properly called in warranty, the witness ought not to have been admitted.

If the defendant placed the plaintiff in *duriori casu*, by the citation in warranty, he exercised a legal right, which was the obvious result of the plaintiffs' action.

He is a warrantor, who by his convention, or the operation of the law, is bound to repay the price of the thing sold to the vendee, on his being evicted. There is no difference, in our opinion, between the right of a vendee against his vendor, in a sale, in which there is no stipulation of warranty and his right on the defendant and plaintiff in a *fi. fa.*, when he is evicted from the property purchased at the sheriff's sale, except, perhaps, in the amount to be recovered. In the first case, the law has said, the vendor shall restore the price, etc.; in the other, the parties to the suit in which the *fi. fa.* issued, shall do so. The latter, therefore, being exactly bound as a *quasi* vendor, were properly cited in warranty.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and the case remanded for further proceedings, with directions to the judge to permit the plaintiff to prove the signature and capacity of the heirs, in the settlement of the estate of the deceased, and to establish by testimony that the slave Celestine was inherited by one of the plaintiffs, from her grand-father; the defendants paying the costs of the appeal.

EASTERN DIST.
January, 1859.

GUERIN ET AL.
*vs.*
BAGNERIES.

The father of one of the parties called in warranty by the defendant, is an incompetent witness to testify on behalf of the plaintiff, under the provisions of the Louisiana Code.

The defendant may even place plaintiff in *duriori casu*, when he exercises a legal right, which is the obvious result of the plaintiff's action. Thus the plaintiffs and defendants in an execution and judgment may be cited in warranty by the purchaser under execution, when he is in danger of eviction.